# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal Case No. TDC-20-260** |
| **SEAN BROCKINGTON** | : | |

...oooOooo...

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Erek L. Barron, United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorney, submits the following Sentencing Memorandum.   The government asks this Honorable Court to impose a sentence of three years' probation, with three special conditions: first, that the defendant serve 60 days of intermittent confinement on 30 consecutive weekends; second, that the defendant perform 300 hours of community service; and third, that the defendant make restitution of $36,603.30.   Such a sentence would fulfill the goals of sentencing pursuant to 18 U.S.C. § 3553.

### *SENTENCING GUIDELINES*

The statute itself, 18 U.S.C. § 371, carries a maximum penalty of five years of imprisonment and three years of supervised release. The presentence report calculates a sentencing guideline range of probation to six months imprisonment, based on an Offense Level of 8 and a Criminal History Category of I.   PSR at 14, ¶ 61.   The Government agrees with that calculation.

The government takes issue, however, with the pre-sentence report recommendation. PSR at 16-18.   Based on the considerations mandated by Congress in 18 U.S.C. § 3553, 10 days of intermittent confinement and 100 hours of community service is far too lenient and does not

1

meet the standard set by Congress.   That recommendation fails to accomplish the goals of imposing punishment or effective deterrence for either the defendant or the community at large. The fact that the defendant was sentenced to a period of probation as a result of his 2016 conviction, PSR ¶ 38, yet engaged in the instant offense, indicates that a period of probation needs to have punitive and deterrent elements for the defendant to take it seriously.

### *SENTENCING FACTORS*

Under 18 U.S.C. § 3553(a)(2), this Court "must weigh the seven factors listed in § 3553(a): "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing ...; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution."   *United States v. Fowler,* 948 F.3d 663, 668 (4th 2020) (Citations and internal quotation marks omitted).   The sentence must be reasonable.   *Gall v. United States*, 552 U.S. 38, 46 (2007).

But the Court has discretion to determine the relative importance of the sentencing factors. "While the consideration of one § 3553(a) factor to the exclusion of the others is not appropriate, it is not required that the district court somehow give all the different factors precisely equal weight. Sometimes one factor will outweigh the others. Sometimes one factor will stand out." *United States v. Nance,* 957 F.3d 204, 216 (4th Cir. 2020), *cert. denied,* No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020), quoting *United States v. Fowler,* 948 F.3d at 672.

Within § 3553(a)(2), Congress has set out four aims of sentencing:   the need for the sentence to reflect the seriousness of the offense promote respect for the law and provide just punishment for the offender; deterrence; protection of the public; and rehabilitation of the defendant.

This theft conspiracy was not a crime of impulse, in which the criminal acts were out of character with the defendant's general behavior.   This crime involved repeated, premeditated acts of stealing from a facility designed to support members of the military and their families.

AAFES differs from most retail establishments.   Profit is not its rationale.   "AAFES is a joint, nonappropriated fund instrumentality of the Department of Defense (DoD). . . .   Among other things, AAFES generates earnings used to support Morale, Welfare, and Recreation (MWR) programs for the Armed Services.   This same DoD Directive states that the Armed Services exchange program is vital to mission accomplishment and forms an integral part of the non-pay compensation system for active duty personnel.   *United States v. Passut,* 73 M.J. 27, 30 (C.A.A.F. 2014) (Internal quotation marks and citations omitted).

Day after day, the defendant, along with his two co-defendants, walked into AAFES stores, placed anything from televisions to children's clothing into their shopping carts and walked out without paying.   Some days, the items the defendant stole totaled in the thousands. The defendant and his two co-defendants then went to the return desk of the same or a different AAFES store, turned back the stolen merchandise and received Visa gift cards in exchange. The defendant was not entitled to use the AAFES stores in the first place, and he certainly was not entitled to use the legitimate identification card belonging to "Individual 1," who had no involvement or knowledge of the theft scheme.   The loss to AAFES ended up being at least $36,603.30.

The sentencing factors listed in § 3553(a) support the government's request for 60 days imprisonment, to be served on weekends to avoid job loss, and 300 hours of community service. Factor (2)(A) requires the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."   The defendant was stealing from military service people, many of whom would probably appreciate having just one of the flat-screen television sets that the defendant stole.   The significant restriction of 30 consecutive weekends in custody would punish the defendant for his behavior and, one hopes, teach him not to repeat the crimes.

The requirement that the defendant pay restitution goes without comment.   Restitution is not punishment or deterrence; it is merely equity.

The government notes that § 3553(a)(2) lists two additional factors to consider in imposing sentence:   protection of the public and providing the defendant with additional services.   Those factors support the imposition of a sentence of probation that the government is recommending.   They do not mean that this Court should ignore the first two factors, punishment for the offense and deterrence.

## *CONCLUSION*

For the reasons stated above, the Government submits that a sentence of probation with the special condition of 60 days imprisonment to be served on 30 consecutive weekends, 300 hours of community service and restitution is appropriate and no greater than necessary to achieve the goals established by Congress under 18 U.S.C. § 355

Respectfully submitted,

Erek L. Barron
United States Attorney for the
 District of Maryland

_____
Hollis Raphael Weisman
Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 200
Greenbelt, Maryland   20770
301-344-4029; FAX: 301-344-4516
hollis.weisman@usdoj.gov